WILMINGTON TRUST, NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY BUT AS TRUSTEE OF ALRP
SECURITIZATION TRUST, SERIES 2014-2

      Plaintiff,

      v.

PHILIP B. STONE, OCCUPANTS AND
PARTIES IN POSSESSION, CHRISTOPHER
STOLLER, ASSIGNEE, MICHAEL
STOLLER,

      Defendants.

Case No. 1:19-cv-1821

Judge Elaine Bucklo

## MOTION TO REMAND, FOR SANCTIONS AND OTHER RELIEF

NOW COMES plaintiff, WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ALRP SECURITIZATION TRUST, SERIES 2014-2 ("ALRP Trust") by and through its attorneys and under 28 U.S.C. § 1447(c) moves for an order remanding this matter to the Superior Court of the State of Arizona in and for the County of Maricopa. ALRP Trust states as follows in support of its motion.

### INTRODUCTION

ALRP Trust is the plaintiff in a forcible entry and detainer case pending in the Superior Court of the State of Arizona in and for the County of Maricopa under case number 18-13457. The forcible complaint was filed in Maricopa County on October 30, 2018. Philip B. Stone was named as a defendant along with unnamed occupants and parties in possession. The Arizona eviction case has been held in abeyance since the fall of 2018 because of two purported removals to federal court in Chicago, Illinois. *See* Declaration of Joseph Tirello, Jr., attached as **Exhibit A** at ¶ 18.

Christopher Stoller ("Stoller") first filed a *pro se* notice of removal in this Court on November 2, 2018 in a case styled *Wilmington Trust National Association v. Stone, et al.*, case number 18-7320 (hereinafter referred to as the "First Removal"). The petition for removal was also filed by Michael Stoller who is identified as a "disabled person" being represented by an unnamed guardian. Judge Kocoras dismissed the First Removal for want of prosecution on February 14, 2019. *See* DE 27. Stoller's motion to reconsider that dismissal was denied on March 14, 2019. *See* DE 33 entered in case number 18-7320.

Stoller then filed a second *pro se* notice of removal in this Court on March 15, 2019 ("Second Removal") in which he again seeks to have this Court hear a forcible entry and detainer case relating to property located in Maricopa County, Arizona. The forcible complaint itself arises out of a non-judicial foreclosure of a deed of trust secured by property located in Arizona.

The docket shows that a letter of removal was issued by the Court on March 18, 2019. This letter was not addressed to any person in particular and was not received by Wilmington's Arizona based counsel. *See* Exhibit A at ¶ 10.

Moreover, Stoller has made a series of significant misrepresentations to this Court about his interactions with ALRP Trust's Arizona counsel, including that he reached an agreement with counsel relating to scheduling and filing a joint status report. *See* Exhibit A at ¶¶ 11-17. While Stoller did send counsel an email with the proposed report in an email on Sunday, June 2, 2019, requesting a response by June 5, 2019, Stoller filed the proposed report as an agreed document on June 3, 2019 even though there was no response from Arizona counsel. *Id.* Stoller then falsely represented to this Court that he had a "meet and greet with the plaintiff" and that he and Arizona counsel "agreed on a discovery schedule." *See* Transcript from June 10, 2019 hearing

attached as **Exhibit B** at p 2 and Exhibit A at ¶ 11-17. This Court entered a scheduling order based on this "agreement." Exhibit B at p. 2 and DE 10.

ALRP Trust now moves to remand this matter because the removal is defective on its face. ALRP Trust also seeks sanctions for this bad faith removal and the false statements made in open court. ALRP Trust further requests that the Court enter a frivolous litigant finding preventing Stoller from initiating further litigation in this Court.

## ARGUMENT

The federal removal statute permits a defendant to remove a civil action from state court when a district court has original jurisdiction. 28 U.S.C. § 1441(a); *Elliot Assoc., L.P. v. AbbVie, Inc.*, No. 17 C 3494, 2017 U.S. Dist. LEXIS 169112, *6. Removal is permitted to the "district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction of action arising under federal law or controversies where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332; *Stagman v. Evans*, No. 16 C 6043, 2017 U.S. Dist. LEXIS 42760, *13. The party seeking removal has the burden of establishing that jurisdiction exists. *Id.*; *Elliot*, 2017 U.S. Dist. LEXIS 169112 at *7. Courts construe the removal statute narrowly and resolve any doubts in favor of the plaintiff's choice of forum. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). *See also Schmude v. Sheahan*, 198 F.Supp.2d 964, 966 (N.D. Ill. 2002) ("Generally, the removal statute is strictly construed, with an eye toward limiting federal jurisdiction.")

Remand is appropriate here because the removal is defective on its face—the state court action is pending in Maricopa County in Arizona. It is not removable to the United State District Court for the Northern District of Illinois. The petition is also untimely. ALRP Trust is also entitled to recover its fees and costs as permitted under 28 USC § 1447(c), given Stoller's bad

faith in filing successive petitions to remove this Arizona litigation, and further that his ability to initiate future litigation in this Court be curtailed by court order.

## I.      THE REMOVAL IS DEFECTIVE

### A.      Stoller Cannot Remove an Arizona State Court Case to Illinois

The ability to remove a case to federal court is governed by 28 U.S.C. §1441. Section 1441(a) expressly provides that a state court case can only be removed to the United States District Court for the district and division in which the state court pends. 28 U.S.C. § 1441(a).

The state court proceeding is pending in Maricopa County, Arizona. If it is removable at all, it would only be removable to the United States District Court for the District of Arizona. Stoller is aware of this and likely filed this second petition in this Court to avoid the frivolous litigant order entered against him by the Arizona District Court. *See* Frivolous Litigant order attached as Exhibit 1 to Exhibit A.

### B.      The Removal is Untimely

Section 1446(b) is clear—a removal petition must be filed within 30 days of receipt of the initial pleading by the defendant "by service or otherwise." 28 U.S.C. § 1446(b). The initial pleading here was filed on October 30, 2018. DE 1 at p. 32. Stoller received this initial pleading by November 2, 2018 which is when he first tried to remove the very same action to this Court. *See* Notice of Removal filed November 2, 2018, Case No. 18-7320. Stoller's original removal petition was dismissed for want of prosecution on February 14, 2019. *See* DE 27 entered in case number 18-7320 attached as **Exhibit C**. The Second Removal is as untimely as it is improper.

## II.      ALRP TRUST IS ENTITLED TO RECOVER ITS FEES AND COSTS

An order remanding an improperly removed case may include payment of the costs and fees incurred as a result of the removal. 28 USC § 1447(c). Fees are available when there was no objectively reasonable basis on which to seek removal. *Martin v. Franklin Capital Corp.*,

546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed. 2d 547 (2003). That standard is more than satisfied here.

There was no objectively reasonable basis for seeking removal of an Arizona based state court forcible entry and detainer case to a federal district court located in Chicago, Illinois. Stoller tried to remove the Arizona case to this Court on two occasions most likely to avoid the frivolous litigant order that prevents him from initiating litigation in Arizona federal court. Stoller compounded his bad faith by making false representations to this Court suggesting that ALRP Trust's Arizona counsel agreed to the jurisdiction of this Court and participated in devising the proposed scheduling order adopted in the June 10, 2019 order. Stoller's objectively unreasonable petition required ALRP Trust to incur the expense of retaining Illinois counsel and preparing this motion to remand. Not only is a remand warranted, but an award of fees and costs should accompany the remand order.

## III. STOLLER SHOULD BE DECLARED A FRIVOLOUS LITIGANT

Finally, the above discussion makes clear Stoller is a frivolous litigant whose irresponsible conduct obstructs otherwise valid litigation pending in other courts and needlessly wastes the resources of this Court.

The authority to enter a sanction curtailing Stoller's abuse of the judicial process is ample. *See Support Sys, Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (collecting cases). The question is which form the sanction should take. *Id.* The Supreme Court admonishes that any sanction imposed should be tailored to the abuse the sanction is intended to address. *In re Anderson*, 128 L.Ed.2d 332, 114 S.Ct. 1606 (1994).

Stoller's conduct reveals a disdain for rules and procedure—he disregards plainly written rules to remove a state court case pending in Arizona to federal district court in Illinois in order to evade an order preventing him from litigating in Arizona federal court. He then simply refiles

the same removal petition when the first one is dismissed. He has also made affirmative misrepresentations to this Court. The sanction that would prevent future baseless filings is one that prevents Stoller from filing anything unless and until the full sanctions imposed for his bad faith filing and improper removal is paid. *See Mack,* 45 F.3d at 186 (noting that requiring payment of all sanctions before any other filings will be accepted appropriately lessens the burden on court resources and ensures against continued abusive filings).

Stoller should be declared a frivolous litigant and sanctioned for his bad faith removal of the Arizona eviction case to Illinois federal court. The order should further reflect that no future filings from Stoller will be accepted unless and until Stoller satisfies the sanction imposed.

WHEREFORE, for the foregoing reasons, WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ALRP SECURITIZATION TRUST, SERIES 2014-2, respectfully requests that this Court grant its motion and remand this case to the Superior Court of the State of Arizona in and for the County of Maricopa, that this Court award reasonable fees and costs incurred in seeking remand, declare Christopher Stoller to be a frivolous litigant who may not initiate litigation in this Court until the sanction is paid and award such other relief as this Court deems proper.

July 17, 2019

Respectfully submitted,

By: *Rosa M. Tumialán*
One of the Attorneys for Plaintiff,
WILMINGTON TRUST, NATIONAL
ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT AS
TRUSTEE OF ALRP
SECURITIZATION TRUST, SERIES
2014-2

Harry N. Arger (harger@dykema.com)
Rosa M. Tumialán (rtumialan@dykema.com)
DYKEMA GOSSETT PLLC
10 South Wacker Drive
Suite 2300
Chicago, IL 60606
(312) 876-1700

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2019, I electronically filed the foregoing **Motion to Remand, for Sanctions and other Relief** using the CM/ECF system.

*s/Rosa M. Tumialán*

Exhibit A

WILMINGTON TRUST, NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY BUT AS TRUSTEE OF ALRP
SECURITIZATION TRUST, SERIES 2014-2

1-19-1821

Judge Elaine Bucklo

        Plaintiff,

        v.

PHILIP B. STONE, OCCUPANTS AND
PARTIES IN POSSESSION, CHRISTOPHER
STOLLER, ASSIGNEE, MICHAEL
STOLLER,

        Defendants.

## DECLARATION OF JOSEPH J. TIRELLO, JR.

I, Joseph Tirello, Jr., hereby declare as follows:

1.    I am an attorney licensed to practice in the State of Arizona. I am a member of the firm Zieve, Brodnax & Steele, LLP. This declaration is based on my personal knowledge as the attorney of record for Wilmington Trust National Association, Not In Its Individual Capacity, But as Trustee of ALRP Securitization Trust, Series 2014-2. If called and sworn as a witness, I could and would testify competently thereto.

2.    I am counsel of record for Wilmington in an eviction case filed in Maricopa County, Arizona pending under case number CV2018-013457.

3.    The eviction case relates to property that is located in Maricopa County, commonly known as 28437 N. 112th Way, Scottsdale, Arizona (the "Property"). Wilmington is the holder of a note secured by a deed of trust that was recorded against the Property.

4.    The note went into the default and a non-judicial foreclosure proceeded in accordance with Arizona law.

5.    The eviction action was filed on October 30, 2018.

6. Christopher Stoller ("Stoller"), who claims an interest in the Arizona property, attempted to remove the eviction action to Illinois federal court on November 2, 2018.

7. The first petition was dismissed for want of prosecution in March 2019

8. Stoller refiled his removal petition on March 15, 2019.

9. I was unaware of this refiled petition until March 19, 2019.

10. I reviewed a letter issued by the Northern District of Illinois on March 18, 2019. I did not receive this letter when it was sent and only saw it when it was provided to me by Illinois counsel that is responding to the refiled removal petition.

11. I reviewed a transcript from a hearing conducted on June 10, 2019 in which it was represented that I had a meet and confer with Stoller at the conclusion of which I entered into an agreement relating to case scheduling.

12. I had no such meet and confer and entered into no such agreement with Stoller at any time.

13. I reviewed an order entered on June 10, 2019 which purported to adopt what was represented as an agreed case management schedule.

14. I am not authorized to practice law in the State of Illinois.

15. I did not file an appearance in the Illinois litigation.

16. I did receive an email from Stoller attaching a proposed joint status report on June 2, 2019, wherein Stoller advised I had until June 5 to respond to him.

17. I did not respond to Stoller. The proposed report was improperly represented as an agreed document.

18. The Arizona eviction case is presently stayed pending resolution of the refiled removal petition pending in the Northern District of Illinois.

19. A frivolous litigant order was entered against Stoller on September 24, 2013 in other litigation filed in the United States District Court for the District of Arizona, under case number 12-1307-PHX-GMS. A true and correct copy of this order is attached as **Exhibit 1** to this Declaration.

20.     Case number 12-1307-PHX-GMS involved litigation over loans secured by four different properties, including the property located at 28437 N. 112th Way in Scottsdale, the same property that is the subject of the eviction case pending in Maricopa County which Stoller seeks to remove to federal court in Illinois. *See* Exhibit 1 at p. 5.

21.     This order prevents Stoller and his brother Christopher Stoller (who was identified by the court as an incarcerated individual subject to the Prison Reform Litigation Act) from initiating any litigation relating to the 28437 N. 112th Way property "absent pre-filing review and permission from this Court." *See* Exhibit 1 at p. 20.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _11th_ day of July 2019.


Joseph J. Tirello, Jr.

WO                                                                          SC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leo Stoller, *ex rel.* Christopher Stoller, | No.  CV 12-1307-PHX-GMS (JFM) |
| Plaintiff, | |
| vs. | **ORDER** |
| Bank of New York Mellon Trust Company, et al., | |
| Defendants. | |

Plaintiff Leo Stoller (Leo), as agent for his incarcerated brother Christopher (Christopher),[1] commenced this case against numerous Defendants.[2]  (*See* Doc. 33.)

---

[1]  Christopher was incarcerated in Illinois when he commenced this, and earlier cases, in this District.  Thus, Christopher is, and has been, a "prisoner" within the meaning of the Prison Litigation Reform Act (PLRA).  That is, Christopher is and has been a "person incarcerated or detained in any facility" in connection with criminal law charges or convictions.  28 U.S.C. § 1915(h); 42 U.S.C. § 1997e(h).  For that reason, Christopher's cases filed in this District have been subject to the PLRA's requirements, including screening by the Court.  28 U.S.C. §§ 1915(e)(2) and 1915A.  Because Christopher's first case in this District was randomly assigned to this Court, all of his subsequent cases have been directly assigned to this Court under Rule 3.7(e) of this District's Local Rules of Civil Procedure.

[2]  In 2012, Leo pleaded guilty to one count of knowingly and fraudulently making a false statement under penalty of perjury in a Chapter 13 bankruptcy proceeding in violation of 18 U.S.C. § 152(3).  *United States v. Stoller*, No. 1:10-cr-1052-1 (N.D. Ill. Apr. 13, 2012), doc. 57.  Prior to sentencing, Leo was granted leave to file a motion to withdraw his guilty plea, which has been taken under advisement but with sentencing scheduled for November 25, 2013.  *See* https://ecf.ilnd.uscourts.gov/doc1/067111771257 (last visited

EXHIBIT
1

1   Defendants Bank of America (BOA), Bryan Cave LLP (Bryan Cave), Steven R. Smith,

2   and Michael Werich, the only Defendants that have appeared in this case (hereafter

3   Certain Defendants), filed a motion for sanctions. (Doc. 15.) Plaintiff filed a response

4   and a cross-motion for sanctions. (Doc. 35.) Certain Defendants filed a response in

5   opposition to the cross-motion and a reply to Plaintiff's response. (Doc. 36, 38.) The

6   Court granted Plaintiff's motion for extension of time in which to file a reply to Certain

7   Defendants' response to his cross-motion for sanctions to the extent that his reply, doc.

8   41, was deemed timely. (Doc. 42.)

9        Subsequently, Certain Defendants filed a motion to dismiss for failure to state a

10  claim on the same bases as their motion for sanctions and, a day later, filed a notice of

11  errata. (Doc. 43, 44.) Plaintiff filed a motion to strike the motion to dismiss and enter

12  default or, alternatively, requested an additional 30 days in which to respond to the

13  motion to dismiss. (Doc. 45.) Plaintiff was granted two extensions of time in which to

14  substantively respond to Certain Defendants' motion to dismiss.[3] (Doc. 45.) Finally,

15  Plaintiff filed a motion asking the Court to order service on Defendants. (Doc. 50.)

16       Pending before the Court are: Certain Defendants' motion for sanctions and

17  motion to dismiss, doc. 15, 43. Also pending is Plaintiff's cross-motion for sanctions,

18  doc. 35, and motion to order service, doc. 50. The Court will dismiss the Complaint and

19  this action for failure to state a claim and will deny Plaintiff's cross-motion for sanctions

20  and motion to order service. The Court will grant Certain Defendants' motion for

21  sanctions to the extent set forth below.

22       /        /        /

23  _____

24  Sept. 19, 2013).

25  [3] Plaintiff's motion to strike will be denied where Plaintiff was granted alternative relief
    in the form of extensions of time in which to respond to Certain Defendants' motion to
26  dismiss. Moreover, because this case is subject to the PLRA, Certain Defendants were
    not required to respond to the Complaint prior to screening of the Complaint by the
27  Court. 42 U.S.C. § 1997e(g). In addition, Certain Defendants sought dismissal of this
28  action as a sanction in their motion for sanctions, which was undisputedly timely.

2

## II.   Statutory Screening of Prisoner Complaints

As noted above, this action is subject to the PLRA because it was filed by a prisoner through his agent.[4] Under the PLRA, the Court must a dismiss a prisoner case, notwithstanding the payment of the filing fee, or portion thereof, if at any time the Court determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  The legal standard for dismissing a complaint for failure to state a claim under this provision is identical to the legal standard used under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Wilkerson v. Sullivan*, 593 F.Supp.2d 689, 690 (D. Del. 2009); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

A court may consider issue and claim preclusion in assessing whether a complaint states a claim.  *See Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 2004); *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008); *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992) (res judicata may be upheld on a Rule 12(b)(6) motion when relevant facts are shown by court records); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984); *Wooley v. Martel*, No. CV S-09-1707, 2011 WL 350429, at *3 (N.D. Cal. Feb. 2, 2011) (citing *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)); *see also Onkvisit v. Bd. of*

---

[4]   To state a claim, a pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Legally conclusory statements, not supported by actual factual allegations, need not be accepted. *Id.* at 678-79.

Further, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

1    *Trustees of Cal. State Univ.*, No. 5:10CV05685, 2011 WL 2194018, at *2 (N.D. Cal.

2    2011); *Rainwater v. Banales*, No. CV08-3789, 2008 WL 5233138, at *9 n. 6 (C.D. Cal.

3    2008) (leave to amend may be denied as futile where the claims would be barred by res

4    judicata or collateral estoppel.[5]  "The preclusive effect of a judgment is defined by claim

5    preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"

6    *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).   The doctrine of res judicata bars the re-

7    litigation of claims previously decided on their merits.  *Headwaters, Inc. v. U.S. Forest*

8    *Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005).   Claim preclusion provides that a final

9    judgment on the merits of an action precludes the parties from litigating claims that were,

10   or could have been, raised in that action.  *See Taylor*, 553 U.S. at 892.  "The elements

11   necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on

12   the merits, and (3) privity between parties.'"   *Headwaters*, 399 F.3d at 1052 (quoting

13   *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077

14   (9th Cir. 2003)); *see United States v. Liquidators of European Fed. Credit Bank*, 630

15   F.3d 1139, 1150 (9th Cir. 2011).   Under the doctrine of collateral estoppel, or issue

16   preclusion, a party is precluded from re-litigating an issue if (1) there was a full and fair

17   opportunity to litigate the issue previously; (2) the issue was actually litigated; (3) there

18   was a final judgment on the merits; and (4) the person against whom collateral estoppel is

19   asserted was a party or in privity with a party in the previous action.  *Kendall v. Visa*

20   *U.S.A., Inc.*, 518 F.3d 1042, 1050 (9th Cir. 2008).

21           For purposes of this action, the Court takes judicial notice of its Order filed in a

22   previous related case, *Stoller v. Bank of New York Mellon Trust Co.*, No. CV11-0338-

23   PHX-GMS (D. Ariz. Sept. 26, 2011), doc. 101 at 2-6, setting forth pertinent background

24   information.   The Court also takes judicial notice of orders and documents filed in prior

25   cases in federal and state courts that are not subject to reasonable dispute.[6]

---

26   [5]  In this case, preclusion was briefed by the parties in connection with the motions for

27   sanctions and to dismiss.

28   [6]  A court may take judicial notice of documents outside of the complaint that are
     "matters of public record" as long as the facts noticed are not "subject to reasonable

### III.  Complaint

As discussed below, Leo and Christopher, and an entity owned or controlled by one or both of them, have filed several prior actions in Arizona and Illinois state and federal courts concerning loans secured by one of four single family residences located in the Phoenix metropolitan area and/or subsequent foreclosures on those properties.  The properties are located at 28437 N. 112th Way in Scottsdale (Property 1); 10632 E. Blue Sky Drive in Scottsdale (Property 2); 10665 E. Blue Sky Drive in Scottsdale (Property 3); and 47816 N. 15th Lane in New River (Property 4).[7]

In this case, Plaintiff ostensibly alleges fifteen counts concerning the above loans and/or foreclosures.  Specifically, Plaintiff alleges claims for deceptive trade practices; breach of contract; breach of servicer participation agreement; negligent hiring and supervision or, in the alternative, negligent misrepresentation or concealment; fraudulent misrepresentation or concealment; violation of the Arizona Consumer Fraud and Deceptive Business Practices Act; slander of title; violation of Arizona Revised Statute (ARS) § 13-2314.04; tortious interference with contractual rights; conversion; trespass; fraud; conduct and participation in a Racketeer Influenced and Corrupt Organizations Act (RICO) enterprise through a pattern of racketeering activity in violation of 18 U.S.C. §§ 1961(5) and 1962; and conspiracy to engage in a pattern of racketeering activity in violation of 18 U.S.C. §§ 1961(5) and 1962(D).  Plaintiff seeks injunctive, compensatory, and punitive relief.

In addition to Certain Defendants, Plaintiff also sues: the Bank of New York

---

dispute." *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (citations omitted); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-90 (9th Cir. 2001); *see also* Fed.R.Evid. 201(b).  In particular, a court may take judicial notice of pleadings, memoranda, and other verifiable documents from earlier related litigation. *Reyn's Pasta Bella LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  These include the pleadings and decisions in prior state or federal court actions, which are public records not subject to reasonable dispute.

[7]  The Court refers to these properties as it did in CV11-0338.

(BONY) and its Chair and Chief Executive Officer (CEO) Robert P. Kelly, President Gerald L. Hassell, Chief Financial Officer (CFO) Thomas P. Gibbons, and General Counsel (GC) Carl Krasik.  Plaintiff also sues BOA Chair Walter E. Massey, CFO Joe Price, and President and CEO Brian T. Moynihan.  Further, Plaintiff sues Countrywide Bank, N.A.; John Hall & Associates (also referred to as RSM Capital Funding LLC and Trie Consulting, LLC, or "Those Callaways"); Those Callaways, P.C., an Arizona professional corporation; Joann, Joseph, and Kelly Callaway, owners and managers of Those Callaways, P.C.; Reconstruct Company, N.A., a Nevada corporation; Thomas, Thomas & Markson, P.C., an Arizona professional corporation, and member Neal B. Thomas, Esq.; Leonard and Donna Street; Stephen E. and Betty L. Sterrett; Miles, Bauer, Bergstrom & Winters L.L.P., a Nevada limited liability partnership, and its attorneys, D. Miles, J. Bergstrom, R. Bauer, F. Winter, K. McClenahan, M. Domeyer, T. Crosby, L. Jaquez, D. Carter, G. Corena, W. Rash, R. Jung, V. Pham, K. Nielson, M. Braun, H. Seyed-Ali, R. Nguyen, J. Gaedian, T. Morlan, K. Webb, B. Tran, A. Ghajar, C. Jones, and M. Seebach.  Lastly, Plaintiff sues Maricopa County Sheriff Joe Arpaio and John Does 1-10.

## IV.    Prior Litigation

Plaintiff and Certain Defendants have fully briefed the issue of preclusion. Certain Defendants argue that Christopher, Leo, or an entity owned and controlled by one or both of them, have repeatedly filed suit concerning loans secured by deeds of trust on Properties 1-4 and/or foreclosures on those properties.  Certain Defendants contend that this is the sixth lawsuit brought as to three of the properties and the second action as to the fourth, all of which have arisen from the same operative facts.  Court records in previous suits filed by Christopher, Leo, and/or the Christopher Stoller Pension and Profit Sharing Plan, Ltd. (CSPPSP), a Bahamas corporation, and matters that are otherwise a matter of public record, reflect the following prior litigation.[8]

---

[8]  Although the Court screens the Complaint under 28 U.S.C. § 1915(e)(2), even if it dismissed based on Certain Defendants' motion to dismiss, it could take notice of matters of public record without converting that motion into one for summary judgment.  *Lee,*

### A. *Stoller I*

On December 9, 2008, CSPPSP filed a complaint in Maricopa County Superior Court against Countrywide Bank, *CSPPSP v. Countrywide Bank*, No. CV2008-031025 (*Stoller I*), which sought monetary damages and to enjoin foreclosure on Properties 1-3. (Doc. 15, ex. 8.) The complaint alleged that Countrywide had made loans to the previous owners of the properties and that the previous owners had quit-claimed their right, title, and interest in the properties to CSPPSP. (*Id.*) The complaint alleged that Countrywide had failed to comply with the Truth In Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA). (*Id.*) Countrywide removed the case to federal court, where it was re-designated CV09-0002-PHX-NVW before District Judge Neil V. Wake. CV09-0002-PHX-NVW, doc. 1. After CSPPSP's counsel moved to withdraw, Christopher filed a motion to intervene in which he described himself as the president, sole shareholder, and sole employee of CSPPSP. *Id.*, doc. 8. Further, Christopher stated that he and CSPPSP were "so intertwined" that it was necessary for him to become a plaintiff in the case. *Id.* Indeed, Christopher stated that he was "responsible for all of the acts attributed to CSPPSP." *Id.* at ¶ 14. Judge Wake summarily denied the motion as improper. *Id.*, doc. 10. Judge Wake later granted CSPPSP's amended motion to withdraw; Christopher then filed a response to the amended motion to withdraw in which he represented that counsel had been retained to represent him, Leo, and CSPPSP, but had failed to name all three as plaintiffs in the case.[9] *Id.*, doc. 16 at 1. Leo thereafter filed a motion to intervene in the case in which Leo represented that he was "one of the prime actors" in the case and that CSPPSP and Christopher could not receive adequate representation without him. *Id.*, doc. 38 at ¶ 9. Judge Wake denied that motion for

---

250 F.3d at 689 (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). The complaints filed by CSPPSP, Christopher, and Leo, as well as the orders and judgments on those complaints, are matters of public record.

[9]  Christopher filed his response after Judge Wake granted the amended motion to withdraw, so Judge Wake had no occasion to address his response.

failure to submit a pleading that set out the claims or defenses for which intervention was sought. *Id.*, doc. 39. After CSPPSP failed to oppose the motion to dismiss despite multiple extensions of time, Judge Wake, on May 18, 2009, granted Countrywide's motion to dismiss on substantive and procedural grounds with prejudice. (Doc. 15, ex. 9; CV09-0002, doc. 44.) No appeal was taken from that Order and judgment.

**B.    *Stoller II***

On December 2, 2009, Leo filed a case in the Circuit Court for Cook County, Illinois, *Stoller v. Countrywide Bank*, No. 2009L014738 (*Stoller II*), which closely resembled the complaint filed by CSPPSP against Countrywide in *Stoller I*. (Doc. 15, ex. 10.) The claims in that complaint arose in connection with Properties 1-3 and were based on the same operative facts as those in *Stoller I*.[10] In addition to Countrywide, Leo sued BOA and some of its senior executives, including Massey, Lewis, Price, and Reconstruct, a subsidiary of BOA involved with overseeing trustee sales. Count one of that complaint repeated the allegations of count one in *Stoller I*, but added counts for deceptive trade practices and an Illinois state RICO claim.

Bryan Cave, through two of its attorneys in its Chicago office, Smith and Werich, filed a motion to dismiss on the grounds of res judicata and collateral estoppel citing the Arizona judgment in *Stoller I*. On August 4, 2010, the Illinois court granted the motion to dismiss based on res judicata and sanctioned Leo for filing a frivolous action and entered a judgment against him of approximately $66,000 in fees, which apparently remains unpaid. (Doc. 15, ex. 12.)

**C.    *Stoller III***

On February 9, 2010, Property 2 was sold at a trustee's sale to BONY.[11] (Doc. 15, ex. 13.) On August 9, 2010, five days after *Stoller II* had been dismissed and sanctions

---

[10] Leo claimed that CSPPSP had assigned its claims to him. (*Id.* at ¶¶ 24-25.)

[11] On June 26, 2009 and November 9, 2009, trustee's sales on Properties 3 and 4, respectively, occurred. CV11-0338, doc. 101 at 4.

awarded, Leo filed another case in the Circuit Court for Cook County, Illinois, *Stoller v. Bank of New York Mellon Trust Co.*, No. 2010 L 2687 (*Stoller III*), which alleged 14 counts and repeated many of the factual allegations contained in the complaints filed in *Stoller I* and *Stoller II*, but also added claims concerning the trustee's sale on Property 2.[12] (Doc. 15, ex. 14.)

In count one, the *Stoller III* complaint asserted that Bryan Cave, Smith, and Werich intentionally concealed the sale date of Property 2 and asserted that their conduct constituted unfair or deceptive acts, fraud, conspiracy, civil racketeering; resulted in unjust enrichment; and violated due process and equal protection for which rescission of the trustee's sale on Property 2 was sought. In count two, the complaint asserted deceptive trade practices against all of the defendants. In count three, the complaint asserted a RICO claim. In count four, the complaint asserted a claim against Bryan Cave, Smith, and Werich for aiding and abetting, failing to notify Leo of the actual sale date of Property 2, and conspiring with BONY to deprive Leo of his Fourth Amendment rights. In count five, the complaint asserted a conspiracy by all of the defendants to deprive Leo of Property 2. In count six, the complaint alleged fraud. In count seven, it alleged a claim for intentional infliction of emotional distress. In count eight, it alleged a claim for conversion based on the trustee's sale on Property 2. In count nine, the complaint alleged negligence based on the defendants' failure to refrain from interfering with Leo's alleged

---

[12] On April 1, 2010, several defendants removed the case to federal court, where it was designated case# 10CV2028. District Judge Holderman dismissed Leo's TILA and RICO claims and remanded the case to state court. *Stoller*, CV10CV2028, doc. 10, 11. Specifically, Judge Holderman dismissed Leo's federal claims because the Seventh Circuit Court of Appeals had ordered that "the clerks of all federal courts in this circuit . . . to return unfiled any papers submitted directly or indirectly by [Stoller] or on [Stoller's] behalf." *Id.*, doc. 11 at 1-2 (citing *In re Stoller*, No. 08-4240, doc. 35 at 2 (7th Cir. Dec. 4, 2009)). The order was to remain in effect for two years, after which Leo was authorized to seek modification or rescission of the order. *Id.* On October 29, 2012, the Seventh Circuit lifted the bar with the warning that it would be reinstated if there was further misconduct. *Id.*, doc. 45. The Seventh Circuit has barred Leo from proceeding *in forma pauperis* in any federal court in the Seventh Circuit under any circumstances. *Id.*

ownership of Property 2 and to protect him from unreasonable intrusions upon his rights in and to Property 2.  In count ten, the complaint alleged a claim for slander of title based on the trustee's sale on Property 2.  In count eleven, it alleged another conspiracy claim. In count twelve, the complaint alleged another RICO claim.  In count thirteen, the complaint asserted a trespass claim against all of the defendants arising from conduct in connection with the trustee sale on Property 2.  In count fourteen, the complaint asserted an aiding and abetting claim against the Miles Bauer firm based on its bringing a successful forcible detainer action against post-foreclosure occupants of Property 2.[13] Named as defendants in *Stoller III* were: Bryan Cave, Smith, Werich, BONY, Kelly, Hassell, Gibbons, Countrywide, BOA, Massey, Price, Moynihan, Reconstruct, certain real estate agents and their employees, and the Miles Bauer firm.

BONY and BOA moved to dismiss *Stoller III* based on res judicata, collateral estoppel, and failure to state a claim.  In April 2011, the Cook County Court ruled that res judicata and collateral estoppel barred the entire complaint based upon the prior Arizona and Illinois cases.[14]  (Doc. 15, ex. 15.)

### D.     *Stoller IV*

On December 3, 2010, Leo filed another case in Maricopa County Superior Court, *Stoller v. Mellon*, No. CV2010-017155.  (Doc. 15, ex. 17.)  The complaint in that case concerned the same operative facts as in the prior three cases, but added claims concerning Property 4.  On February 18, 2011, M&I with the consent of the other served defendants, removed the case to federal court where it was re-designated case# CV11-0338 (*Stoller IV*).[15]  *Stoller IV*, CV11-0338, doc. 1.

---

[13]  Those occupants had been paying rent to the Stollers to live in the home.

[14]  Certain Defendants note that the court dismissed the lawsuit in its entirety against all defendants pursuant to Rule 2-619, i.e., based on res judicata and collateral estoppel. Alternatively, the court dismissed certain claims without prejudice because they technically stated a claim, albeit ones that failed in light of res judicata and collateral estoppel.

[15]  Specifically defendants BOA, BONY, and John Hall & Associates consented to

1    Named as defendants in *Stoller IV* were BONY, Countrywide, Reconstruct, the

2    Streets, H&R Block Bank, the Sterretts, RSM Capital Funding & Trie Consulting, Jon

3    Mirmelli, co-founder of RSM Capital, and John Hall & Associates.  The complaint in

4    *Stoller IV* challenged the trustee's sales, and sale prices, on Properties 2, 3, and 4.  In

5    count one, the complaint sought rescission of the trustee's sale on Property 2 for failure to

6    comply with applicable law against BOA, Countrywide, and BONY.  In count two, the

7    complaint alleged against BOA and BONY that Property 2's sales price was grossly

8    inadequate.  In count three, it sought rescission of the trustee's sale on Property 3, to

9    RSM and the Sterretts, based on the alleged failures of BOA, Countrywide, and others to

10   comply with applicable law.  In count four, the complaint asserted that Property 4's

11   trustee's sale price was grossly inadequate and sought rescission on that basis.  In count

12   five, the complaint sought rescission of the trustee's sale to the Streets by H&R Block

13   Bank and M&I of Property 4.  In count six, the complaint claimed the trustee's sale price

14   on Property 4 was grossly inadequate and sought rescission.  In count seven, the

15   complaint sought damages against BOA, Countrywide, and BONY for wrongful

16   foreclosure on Properties 2 and 3.

17       This Court, to which *Stoller IV* was randomly assigned following removal, granted

18   defendants' motions to dismiss.  *Id.*, doc. 101.  The Court dismissed Leo's claims in

19   counts one, two, three, four, and seven against BOA and the Sterretts with prejudice; Leo

20   asserted no basis on which he could make claims related to Properties 2 or 3 except to the

21   extent that they were derivative of those of CSPPSP, but CSPPSP's right to make claims

22   as to Properties 1, 2, and 3 were terminated with prejudice by Judge Wake's Order

23   dismissing CSPPSP's suit in May 2009.  *Id.* at 10.  The Court rejected Leo's contention

24   that because the foreclosures had not yet occurred when CSPPSP brought its complaint,

25   neither it nor Leo could have asserted claims based on the inadequacy of the sales prices

26   at the trustee's sales on Properties 2 and 3.  It did so because after the entry of Judge

27   _____

28   removal.   In addition, certain unserved defendants also consented to removal,
     specifically, Countrywide, Reconstruct, and H&R Block Bank.

1   Wake's Order, neither CSPPSP, nor Leo, acting on any assignment from CSPPSP, had

2   standing to challenge the adequacy of the properties' sales prices. *Id.* at 10-11.  The

3   Court further found that Leo was not entitled to notice under Arizona foreclosure statutes

4   absent a basis upon which he could assert a claim to the properties. *Id.* at 11.

5        The Court further found that even if Leo were not precluded by Judge Wake's

6   Order from challenging the gross inadequacy of the sales prices, he would be precluded

7   from doing so by either of the Cook County Circuit Court orders dismissing such claims

8   with prejudice.   *Id.*  In both cases, Leo raised claims seeking the rescission of the

9   trustee's sales on Properties 1, 2, and 3.  *Id.*  Because he either could have, or did, raise

10  claims against the subsequent purchasers of the properties in those cases, the Court found

11  that he was barred from asserting such claims against the subsequent purchasers based

12  upon the adequacy of the sales prices.  *Id.*  Further, because Leo could have raised

13  wrongful foreclosure claims in his earlier cases, such claims were also barred by res

14  judicata. *Id.* at 12.

15       With respect to Property 4, the Court found that the complaint stated no basis upon

16  which Leo had any rights to Property 4, and in the absence of such a basis, dismissed the

17  complaint with leave to amend. *Id.* at 13.  The Court also found that absent a basis on

18  which he could assert a claim to Property 4, Leo was not entitled to notice under the

19  foreclosure statutes.  *Id.*  In addition, the Court found that should Leo have a good faith

20  basis for seeking leave to amend his complaint, the deed of trust that he had attached to

21  and incorporated into his complaint demonstrated that Ribadeneira had not originated her

22  loan with H&R Block Bank on Property 4, as the complaint stated, but with another

23  lender.   *Id.*   For that reason, the Court found that H&R Block Bank was not the

24  appropriate defendant for any TILA, RESPA, or FDCPA claims. *Id.* at 14.  Moreover,

25  the Court found that any TILA claim appeared to be time-barred and that FDCPA did not

26  apply to non-judicial foreclosures. *Id.*  The Court also found that the complaint failed to

27  state a claim for grossly inadequate sales price in count six and, as to count eight, that

28  Arizona courts had not recognized an action for wrongful foreclosure and the Court

1    declined to recognize such a claim absent a good faith assertion that the underlying loan

2    was not in default. *Id.*  In short, the Court found that as to Property 4, the complaint

3    failed to state a claim, but that if Leo had "a good faith basis on which to seek" to amend

4    his complaint, he had to file such amended complaint within 30 days or the action would

5    be terminated as to defendants H&R Block Bank, M&I, and John Hall & Associates. *Id.*

6    at 16.

7         Leo filed a motion for reconsideration, which was denied, and then filed an

8    interlocutory appeal. *Id.*, doc. 103, 104, 105, 106.  On December 7, 2011, the Ninth

9    Circuit issued a mandate dismissing the appeal, but Leo never filed an amended

10   complaint.

11        **E.    *Stoller V***

12        On June 2, 2011, Christopher filed another case, *Stoller v. Bank of New York*

13   *Mellon Trust Co.*, No. CV11-1105-PHX-GMS (*Stoller VI*), in Arizona federal court.

14   Christopher sued, among others, BONY, Kelly, Hassell, Gibbons, Krasik, BOA, Massey,

15   Price, Moynihan, Reconstruct, and the Miles Bauer firm and its attorneys. *Id.*, doc. 1-1.

16   In that case, Christopher alleged fourteen counts against the defendants in connection

17   with the foreclosure on Property 2, including: failure to comply with applicable state and

18   federal law in noticing the trustee sale; deceptive trade practices; civil RICO claims;

19   aiding and abetting in tortious conduct; conspiracy; fraud; intentional infliction of

20   emotional distress; conversion; negligence; and slander of title.[16]  *Id.*  Among various

21   other motions, Christopher sought to enjoin a forcible detainer proceeding in Maricopa

22   County Superior Court brought against the occupants of Property 2, who were paying

23   rent to Christopher, Leo, or CSPPSP following foreclosure. *Id.*, doc. 40, 54.

24        Most of the defendants in the case, including BOA, BONY, Gibbons, Hassell,

25   Kelly, Massey, Price, Moynihan, Reconstruct, and the Miles Bauer firm, filed a motion to

26

27   ─────────────────────────

28   [16]   Christopher was then incarcerated and gave Leo's address as his mailing address,
rather than the jail. *Id.* at 31; *see* CV11-0338, doc. 41.

dismiss the case as barred by res judicata, among other reasons.[17]  CV11-1105, doc. 19. On November 11, 2011, this Court dismissed the case after Christopher failed to comply with Court Orders to either pay the filing fee or file a properly completed *in forma pauperis* application. *Id.*, doc. 63.

### F.   *Stoller VI*

On December 6, 2011, Christopher filed another case, this time in the District Court for the Northern District of Illinois, *Stoller v. Bank of New York*, No. 11-4102 (N.D. Ill. Dec. 6, 2011). On December 12, 2011, the Illinois district court transferred the case to this District and it was re-designated CV11-2454-PHX-GMS (*Stoller VI*). In *Stoller VI*, Christopher sued: BONY, Kelly, Hassell, Gibbons, Krasik, BOA, Massey, Price, Moynihan; Countrywide, Reconstruct, John Hall & Associates, the Miles Bauer firm, and Maricopa County Sheriff Arpaio.

Christopher asserted claims as to the loans secured by deeds of trust on Properties 1, 2, 3, or 4, and/or foreclosures thereon. In count one, the complaint asserted a claim for tortious interference with property rights against BONY and its attorneys and challenged the trustee's sale on Property 2. In count two, the complaint alleged fraud against the defendants for obtaining orders of eviction against occupants of Property 2 and changing the locks on Property 1 following the trustee's sale on it. In counts three and four, the complaint alleged that defendants had violated civil RICO law and engaged in a RICO conspiracy.

This Court ordered Christopher to show cause why the case should not be dismissed based on his lack of legal capacity in light of an Illinois state court's declaration that he was incompetent and the appointment of a guardian. It was at that

---

[17] Defendants explained that Christopher and Leo Stoller sought out owners of properties who were facing foreclosure and had the owners quit-claim the property to them. The Stollers would take title to the properties without consideration and after notices of trustee sales had already been recorded against the properties and notices issued to all record or non-record claimants under ARS § 33-809. The Stollers then obtained assignments of causes of action that the landowners might have against the lenders.

1  juncture that Aaron Penna first appeared.  Mr. Penna claimed a right to appear on

2  Christopher's behalf because Christopher had granted Leo a power of attorney prior to

3  Christopher being declared incompetent and because Leo had endorsed the filing of

4  *Stoller VI*. This Court dismissed the case where Penna did not claim to represent Leo and

5  Leo had not otherwise appeared in the case.  No appeal was filed.

6  **V.    Current Case**

7         Leo commenced this case as Christopher's agent, represented by Penna, asserting

8  the claims described above in connection with loans secured by deeds of trust on

9  Properties 1-4, and/or non-judicial foreclosure on those properties.  In *Stoller IV*, this

10  Court dismissed Leo's claims involving Properties 1, 2, and 3 with prejudice as barred by

11  res judicata.  The Court dismissed Leo's claims as to Property 4 for failure to state a

12  claim with leave to file an amended complaint.  Leo did not file an amended complaint as

13  to Property 4.  As such, the Court's dismissal of Leo's claims concerning Property 4 are

14  res judicata because Leo failed to file an amended complaint as to Property 4.

15         As an initial matter, it is abundantly clear from the record in the above cases, as

16  well as the case removed by Leo and Christopher from Maricopa County Superior Court,

17  that there is privity among Leo, Christopher, and CSPPSP.  Accordingly, the Court finds

18  that Leo, Christopher, and CSPPSP are privies.

19         In the current Complaint, Plaintiff again attempts to revive CSPPSP's claims to

20  Properties 1-3, which Judge Wake dismissed with prejudice in 2009.  Plaintiff otherwise

21  seeks relief related to the foreclosures on Properties 1-4, or to challenge the trustee's

22  sales of those properties, which were at issue in CV11-0338.  This Court found that such

23  claims were barred by the doctrine of res judicata or collateral estoppel as to Properties 1-

24  3 because they either had previously been resolved against Plaintiff, or his privies, or

25  could have been raised in prior cases but were not.  The Court dismissed claims as to

26  Property 4 with leave to amend, but Plaintiff chose not to amend those claims.

27  Accordingly, res judicata also precludes Plaintiff's claims as to Property 4.

28         Multiple final judgments have been entered against Plaintiff, or his privies, on

15

1    claims that either were raised, or could have been raised, in actions previously filed by

2    him or his privies, but for which he seeks relief in this case.  Plaintiff's claims in this case

3    attempt, yet again, to revive claims that either were decided against him, or his privies, in

4    earlier cases, or could have been asserted and were not in the prior cases.  In light of the

5    record in this, and earlier cases, filed by Plaintiff, or his privies, the Court finds that the

6    claims in the Complaint are barred by res judicata and collateral estoppel and that he

7    therefore fails to state a claim upon which relief may be granted.  The Court will dismiss

8    the Complaint without leave to amend.

9    **VI.    Motion for Sanctions**

10   Plaintiff seeks sanctions against Certain Defendants as well as Defendants

11   Massey, Price, Moynihan, and Countrywide.  Because Massey, Price, Moynihan, and

12   Countrywide have not been served or appeared in this action, the motion for sanctions

13   against them will be summarily denied.  Plaintiff otherwise seeks denial of Certain

14   Defendants' sanctions motion, an award of attorneys' fees, and asks the Court to quiet

15   title in him as to Properties 1-4, amongst other relief.  As discussed above, Plaintiff's

16   claims in this action are barred by res judicata and collateral estoppel.  Accordingly,

17   Plaintiff's cross-motion for sanctions and relief will be denied.

18   In their motion for sanctions, Certain Defendants seek an order (a) dismissing this

19   action with prejudice against them; (b) awarding attorneys' fees against Leo and

20   Christopher Stoller (Stollers) and their attorney, Aaron Penna, jointly and severally; (c)

21   restraining the Stollers and anyone in privity with them or acting on their behalf from

22   bringing any further legal actions related to Properties 1-4 against any person or entity in

23   any court in the United States or abroad; (d) restraining the Stollers and anyone in privity

24   with them or acting on their behalf from suing any of the Defendants or their agents,

25   including their counsel in this matter; and (e) revocation of Penna's *pro hac vice* status in

26   this District.

27   This is at least the seventh case filed by Leo or Christopher Stoller, or an entity

28   controlled by one or both, in Arizona or Illinois state or federal courts concerning loans

secured by deeds of trust on Properties 1-4, and/or foreclosures thereon.[18]  Many of the

Defendants named here were either parties, or attorneys representing parties, in one or

more of the prior cases, or were merely subsequent purchasers of the properties following

foreclosure.  Despite their repeated judicial failures, the Stollers have filed new cases

naming the same defendants and, frequently, adding the attorneys they hold responsible

for their defeat.  For example, after Bryan Cave, Smith and Werich filed motions to

dismiss in *Stoller II*, they were named as defendants in *Stoller III* and were again named

in this case.  Repeat defendants in the various cases include: (1) Countrywide in *Stoller I*;

(2) Countrywide, BOA, Massey, Lewis, Price, and Reconstruct in *Stoller II*; (3)

Countrywide, BOA, Massey, Lewis, Price, Moynihan, Reconstruct, Bryan Cave, Smith,

Werich, BONY, Kelly, Hassell, Gibbons, certain real estate agents and their employees,

and the Miles Bauer firm in *Stoller III*; (4) BONY, Countrywide, Reconstruct, the Streets,

H&R Block Bank, the Sterretts, RSM Capital Funding & Trie Consulting, and John Hall

& Associates in *Stoller IV*; (5) BONY, Kelly, Hassell, Gibbons, Krasik, BOA, Massey,

Price, Moynihan, Reconstruct, and the Miles Bauer firm and its attorneys in *Stoller V*; (6)

BONY, Kelly, Hassell, Gibbons, Krasik, BOA, Massey, Price, Moynihan; Countrywide,

Reconstruct, John Hall & Associates, the Miles Bauer firm, and Arpaio in *Stoller VI*; and

(7) BONY, Kelly, Hassell, Gibbons, Krasik, BOA, Massey, Price, Moynihan,

Countrywide, John Hall & Associates (also referred to as RSM Capital Funding and Trie

Consulting or Those Callaways); Reconstruct, Those Callaways and its owners and

managers, Thomas, Thomas & Markson firm and Neal Thomas, Leonard and Donna

---

[18] In addition to the cases described above, Leo removed a forcible detainer action from Maricopa County Superior Court, case# CV2010-094820, filed by BONY against the post-foreclosure occupants of Property 2.  The case was designated as CV11-0982-PHX-FJM in federal court.  On July 8, 2011, Judge Martone remanded to state court for lack of federal subject matter jurisdiction.  CV11-0982, doc. 27.  On July 19, 2011, Christopher removed the same case from state court and it was designated as CV11-1433-PHX-GMS in federal court.  This Court remanded the case to state court on August 17, 2011.  CV11-1433, doc. 22.  On September 7, 2011, Christopher again removed the case from state court, which was designated in federal court as CV11-1765-PHX-GMS.  The Court again remanded the case back to state court.  CV11-1765, doc. 37.

1  Street, Stephen and Betty Sterrett; the Miles Bauer firm and its attorneys, and Arpaio in
2  this case.

3      As discussed herein, this action is being dismissed as barred by res judicata and
4  collateral estoppel.  The Court finds this case is based on the same operative facts at issue
5  in some or all of the prior six cases.  The Court declines to award a sanction of costs and
6  fees in this case, because the Complaint was subject to screening under § 1915(e)(2) and
7  no Defendant was required to respond prior to being ordered to do so (and prior to
8  service).

9      That does not, however, resolve whether other sanctions are appropriate.  In
10 *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007), the Ninth Circuit
11 addressed the issuance of pre-filing orders against vexatious litigants.  A district court
12 should enter a pre-filing order constraining a litigant's scope of actions in future cases
13 only after a cautious review of pertinent circumstances.  *Id.* at 1057.  Before doing so, a
14 litigant must be given notice and a chance to be heard before the order is entered.  *Id.*
15 (citing *DeLong v. Hennessey*, 912 F.2d 1144, 1146-1147 (9th Cir. 1990)).  Further, the
16 court must compile an adequate record for review.  *Id.*  The court must also make
17 substantive findings about the frivolous or harassing nature of the plaintiff's litigation.
18 *Id.*  Lastly, the vexatious litigant order "'must be narrowly tailored to closely fit the
19 specific vice encountered.'"  *Id.* (quoting *De Long*, 912 F.2d at 1148).  Based on the
20 record in this case, and the prior six cases described herein, the Court concludes that the
21 Stollers, and their attorney, Penna, knew or reasonably should have known, that the
22 claims raised in this case lacked merit.  This case involves most of the same parties and
23 the same transactional nucleus of facts as in one or more of the prior six cases and, in
24 particular decisions in *Stoller I*, *Stoller II*, *Stoller III*, and *Stoller IV*.  Nevertheless, the
25 Stollers and Penna sought to litigate issues that were conclusively resolved in prior cases
26 against them, or attempted to raise claims that could have been raised in the prior cases
27 but were not, and despite being repeatedly informed that such claims were precluded.

28      Such conduct, and any further cases filed by them concerning the loans secured by

18

1    deeds of trust on Properties 1-4, and/or foreclosures thereon, will subject the Stollers or

2    Penna to Rule 11 sanctions. Pro se litigants may be sanctioned where there is evidence of

3    bad faith due to multiple proceedings, which are unreasonable and vexatious.  28 U.S.C.

4    § 1927; *see Wages v. Internal Rev. Service*, 915 F.2d 1230, 1235-36 (9th Cir. 1989).

5    Further, federal courts possess inherent power to impose sanctions, "when the losing

6    party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Aloe Vera*

7    *of America, Inc. v. United States*, 376 F.3d 960, 964-65 (9th Cir. 2004); *see Patton v.*

8    *County of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988).

9         This Court also has the power, under 28 U.S.C. § 1651(a) and its inherent powers,

10   to issue an order enjoining the filing of any further actions or papers in this Court absent

11   leave of this Court.  *DeLong*, 912 F.2d at 1146-1149.  Both Leo Stoller, Christopher

12   Stoller, and Mr. Penna were given notice by Certain Defendants that Certain Defendants

13   seek to enjoin them, and any entity controlled by one or more of them, or their privies,

14   from: filing any further actions, motions, or other proceedings against Defendants, their

15   counsel, or their employees or agents, related to loans made by any of the Defendants that

16   were secured by deeds of trust on Properties 1-4, or foreclosures thereon, without first

17   obtaining permission from this Court.  *Id.*

18        The Court finds that sanctions in the form of a pre-filing order is warranted as to

19   the Stollers and Penna, acting on behalf of Leo Stoller or Christopher Stoller, or an entity

20   controlled by either of them, and the Court enjoins each of them from filing any further

21   actions, motions, or other proceedings against Defendants, their counsel, or their

22   employees or agents related to loans made by any Defendant that was secured by a deed

23   of trust on Properties 1-4, or related to foreclosures on Properties 1-4, without first

24   obtaining permission from this Court.

25        **IT IS ORDERED:**

26        (1)    Plaintiff's motion to strike Certain Defendants' motion to dismiss is

27   **denied**.  (Doc. 45.)

28        (2)    The Complaint and this action are **dismissed** with prejudice.

19

1       (3)    Certain Defendants' motion to dismiss is **denied** as moot. (Doc. 43.)

2       (4)    Plaintiff's cross-motion for sanctions is **denied**. (Doc. 35.)

3       (5)    Plaintiff's motion to order service is **denied**. (Doc. 50.)

(6)    Certain Defendants' motion for sanctions is **granted in part** and **denied in part**. (Doc. 15.)  The motion is **granted** to the extent set forth below and otherwise **denied**.

(7)    Leo Stoller and Christopher Stoller, any entity subject to control by Leo Stoller or Christopher Stoller, and Aaron Penna on behalf of Leo Stoller or Christopher Stoller, are **enjoined** from filing any further actions, motions, or other proceedings in federal court in Arizona in connection with any loan made by a Defendant in this case that was secured by a deed of trust on Properties 1-4, or foreclosures thereon, absent pre-filing review and permission from this Court.

(8)    A copy of this Order must be sent by the Clerk of the Court to the judges of the United States District Court for the District of Arizona.

Dated this 24th day of September, 2013.

*A. Murray Snow*

/G. Murray Snow
United States District Judge

20

Exhibit B

<pre>
 1              IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ILLINOIS
 2                     EASTERN DIVISION

 3   WILMINGTON TRUST, NATIONAL     )
     ASSOCIATION, NOT IN ITS        )
 4   INDIVIDUAL CAPACITY BUT AS     )
     Trustee of ARLP               )   Case No. 19 CV 1821
 5   Securitization Trust, Series   )
     2014-2,                        )
 6                                  )
                    Plaintiff,      )   Chicago, Illinois
 7                                  )   June 10, 2019
                vs.                 )   9:41 AM
 8                                  )
     PHILIP B. STONE, Occupants     )
 9   and Parties in Possession,     )
     CHRISTOPHER STOLLER,           )
10   Assignee, MICHAEL STOLLER,     )
     parties in possession          )
11   disable person,                )
                                    )
12                   Defendants.    )


13        TRANSCRIPT OF PROCEEDINGS - Scheduling Conference
14           BEFORE THE HONORABLE ELAINE E. BUCKLO

15
     APPEARANCES:
16

17   Defendant Pro Se:        MR. CHRISTOPHER STOLLER
                              P.O. Box 60645
18                            Chicago, Illinois  60660

19

20

21

22
     Court Reporter:          SANDRA M. MULLIN, CSR, RMR, FCRR
23                            Official Court Reporter
                              219 S. Dearborn Street, Room 2260
24                            Chicago, Illinois  60604
                              (312) 554-8244
25                            Sandra_Mullin@ilnd.uscourts.gov
</pre>

1    (Proceedings heard in open court:)

2    THE CLERK:  19 CV 1821, Wilmington Trust versus

3    Stone.

4    MR. STOLLER:  Good morning, your Honor.  For the

5    record, Christopher Stoller on behalf of the defendant,

6    *pro se*.  Judge, I'll give you an update on the status report.

7    I had a meet-and-greet with the plaintiff, and we agreed on

8    discovery schedule.  It was filed on --

9    THE COURT:  I saw it.

10   MR. STOLLER:  Yeah, it was filed on June 3rd.

11   Judge --

12   THE COURT:  All right.  So, as I understood it, it

13   looked like your fact discovery would end, on the schedule,

14   about October 1st.

15   MR. STOLLER:  Yes, Judge.  And I would --

16   THE COURT:  And your expert about next

17   February 15th?

18   MR. STOLLER:  Yes, Judge.

19   THE COURT:  So why don't I enter those and set a

20   status, well, how about October 17th?

21   MR. STOLLER:  Yes, Judge, that would be

22   appropriate.

23   THE COURT:  Okay.  Thank you.

24   MR. STOLLER:  Thank you, Judge.

25   (Which were all the proceedings heard.)

1

CERTIFICATE

2      I certify that the foregoing is a correct transcript

3 from the record of proceedings in the above-entitled matter.

4 */s/Sandra M. Mullin*          *July 9, 2019*
Official Court Reporter

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit C

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.2.2
### Eastern Division

Wilmington Trust National Association

Plaintiff,

v.

Case No.: 1:18−cv−07320
Honorable Charles P. Kocoras

Philip B Stone, et al.

Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, February 14, 2019:

      MINUTE entry before the Honorable Charles P. Kocoras: Motion hearing held. Request for motion for default [21] is denied as moot. For the reasons stated in open court, this case is dismissed without prejudice for want of prosecution. Oral motion to stay is denied. Civil case terminated. Mailed notice(vcf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.